

**U N I T E D   S T A T E S   D I S T R I C T   C O U R T**
D I S T R I C T   O F   N E W   J E R S E Y

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
**(973) 645-6340**

**WILLIAM J. MARTINI**
    **JUDGE**

August 30, 2005

## LETTER OPINION

**VIA REGULAR MAIL**

TO ALL COUNSEL OF RECORD

      Re:    **Milligan, et al. v. Sentry Exteriors, Inc., et al.**
            **Docket No.: 00-2279 (WJM)**

Dear Counsel:

      This matter comes before the Court on Plaintiffs' motion to voluntarily dismiss with prejudice[1] all remaining federal law claims (Counts One, Two, and Five) in the Third Amended Complaint and for an order remanding the remainder of the action to state court. There was no oral argument. Fed. R. Civ. P. 78. For the reasons set forth below, Plaintiffs' motion is **GRANTED**, as set forth in the accompanying Order. Accordingly, Counts One, Two, and Five in the Third Amended Complaint are **DISMISSED WITH PREJUDICE** and this case is remanded to state court.

### BACKGROUND

      This action began in March 2000 when Plaintiffs filed a complaint in the Superior Court of New Jersey Essex County as a result of having been victims of a purported fraudulent scheme allegedly perpetrated by a home improvement company, Sentry Exteriors, Inc., and either East Coast Mortgage Co. or Chevy Chase Bank FSB. Shortly thereafter, the action was removed to this federal district under 28 U.S.C. § 1441 based on the original complaint's assertion of a claim under the federal Truth In Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq*.

      Once in federal court, Plaintiffs filed a First, then a Second, and finally a Third Amended Complaint (on July 17, 2000, November 17, 2000, and June 8, 2001, respectively) adding several new federal and state-law claims. Thereafter, however, certain claims were settled (*see* Orders filed July 12, 2002 and December 30, 2002), and certain Defendants were dismissed from the

---

    [1]      Plaintiffs' papers indicate that they wish to convert their motion to one seeking voluntary dismissal *with prejudice* if that may be done without imposition of costs. Because Defendants seek costs only if the federal claims are dismissed without prejudice, the Court imposes none and, therefore, treats the motion as one for voluntary dismissal with prejudice.

action (*see* Order filed December 30, 2002). Additionally, all claims in Counts Four, Nine, Thirteen, Fourteen, Fifteen, and Eighteen were voluntarily dismissed without prejudice on or around May 28, 2002. (*See* Order filed November 19, 2003.) Finally, the Court recently granted Defendants' motion for summary judgment on all TILA claims in Count Three. (*See* Order dated May 24, 2005.) Thus, at this time, of the ten claims remaining in this action, only three—brought under the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.* (Count One), the Fair Housing Act, 42 U.S.C. § 3601 *et seq.* (Count Two), and the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. § 2601 *et seq.* (Count Five)—are asserted under federal law.

Plaintiffs now move, therefore, to voluntarily dismiss with prejudice their remaining federal-law claims and for an order remanding the remainder of the action to state court. (*See generally* Pls.' Mem. of Law in Supp. of Mot. for Voluntary Dismissal and Remand [hereinafter "Pls.' Mem."].) Defendants oppose the motion on three grounds, arguing that: (1) the motion, brought under Federal Rule of Civil Procedure 41 instead of Rule 15, is procedurally defective; (2) the Court nonetheless has original jurisdiction over the New Jersey Consumer Fraud Act ("NJCFA") claim asserted in Count Six because the count is premised on violation of a federal regulation; and (3) even if the procedural defect is not fatal and even if the NJCFA claim does not arise under federal law, the Court should exercise its discretion and continue to exercise jurisdiction over the remaining state-law claims. (*See generally* Defs.' J. Mem. of Law in Opp'n to Pls.' Mot. to Dismiss Claims and to Remand [hereinafter "Defs.' Opp'n"].)

## ANALYSIS

**I.  The Court Treats Plaintiffs' Rule 41(a)(2) Motion as a Rule 15 Motion to Amend the Third Amended Complaint and, Accordingly, Dismisses with Prejudice Counts One, Two, and Five**

Defendants correctly point out that the instant motion is inappropriately brought under Rule 41, which refers only to dismissal of "action[s]" not to the relinquishment of particular claims or counts within actions. *Accord Smith, Kline & French Lab. v. A.H. Robins Co.*, 61 F.R.D. 24, 28–29 (E.D. Pa. 1973). But when Rule 41(a) is mistakenly employed to abandon less than all claims of a multi-count action, the Court may treat the motion as one made under Rule 15 seeking to amend the complaint. *See Mgmt. Investors v. United Mine Workers*, 610 F.2d 384, 394 (6th Cir. 1979); *Gronholz v. Sears, Roebuck & Co.*, 836 F.2d 515, 517–18 (Fed. Cir. 1987); 8 James W. Moore et al., Moore's Federal Practice & Procedure § 41.13. The Court does so here and grants Plaintiffs' motion. Accordingly, Counts One, Two, and Five in the Third Amended Complaint are **DISMISSED WITH PREJUDICE**.

**II.  Count Six Does Not "Arise Under" Federal Law and Thereby Confer Subject Matter Jurisdiction**

Contrary to Defendants' contention, Plaintiffs' state-law NJCFA claim in Count Six does not arise under federal law and thereby provide an alternate basis for subject matter jurisdiction. The removal provision of the U.S. Code provides: "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or

laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b). A claim may be deemed to "arise under" federal law if its merits turn on a substantial federal issue that is "an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936). Under this standard, a state action "raising a substantial question of federal law," such as the application of federal regulations, can no doubt confer federal question jurisdiction and can also, therefore, support removal jurisdiction. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 8, 13 (1983). However, where Congress has provided no federal right of action for a violation of the federal law/regulation which is the basis of the state claim, federal courts may not exercise jurisdiction over that state claim except by virtue of supplemental jurisdiction. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 817 (1986); *Smith v. Indus. Valley Title Ins. Co.*, 957 F.2d 90, 92–93 (3d Cir. 1992). In other words, a state claim of this sort does not arise "under the Constitution, laws, or treaties of the United States" and thereby provide an independent basis of jurisdiction. *Merrell Dow*, at 813.

In this case, although the NJCFA provides a state cause of action for violation of the FTC "Holder Rule," 15 C.F.R. § 433.2,[2] there is no doubt that federal law provides no cause of action for violation of the rule, which was promulgated pursuant to the Federal Trade Commission Act, 15 U.S.C. §§ 41–58. *See Keams v. Temple Technical Inst., Inc.*, 993 F. Supp. 714, 722 (D. Ariz. 1997); *Williams v. Nat'l Sch. of Health Tech.*, 836 F. Supp. 273, 283 (E.D. Pa. 1993). Rather, enforcement of the rule is the sole province of the Federal Trade Commission. *See Holloway v. Bristol-Myers Corp.*, 485 F.2d 986, 1002 (D.C. Cir. 1973). Indeed, Defendants advocated this very proposition in their reply brief in support of their motion for summary judgment on the TILA count (Count Three). (*See* Reply Mem. of Law in Further Supp. of Defs.' Mot. for Summ. J. at 17.) The Court does not, therefore, have subject matter jurisdiction over the remainder of this action by virtue of Plaintiffs' state-law NJCFA claim in Count Six.

## III. The Court Will Not Exercise Its Discretion to Retain Supplemental Jurisdiction Over the Remaining State-Law Claims

The fact that all claims that were or could have been the basis for removal have now been dismissed does not automatically deprive the Court of jurisdiction to hear the case. *Felice v. Sever*, 985 F.2d 1221, 1225 (3d Cir. 1993). Because no one has contended that Plaintiffs' now-

---

[2] The NJCFA makes it unlawful for a person to use "any unconscionable commercial practice, deception, fraud, false pretense, false promise, [or] misrepresentation . . . in connection with the sale or advertisement of any merchandise." N.J.S.A. 56:8-2. "Unlawful practices" fall into three general categories: affirmative acts, knowing omissions, and regulation violations. *Cox v. Sears Roebuck & Co.*, 647 A.2d 454, 462 (N.J. 1994). Among the regulations enacted pursuant to N.J.S.A. 56:8-4 are the Home Improvement Practices Regulations, N.J.A.C. 13:45A-16.1 *et seq.*, which make in unlawful for home improvement contracts to require or entail the execution of any note unless the note has conspicuously printed on it the disclosures required by, among other statutes/regulations, 16 C.F.R. § 433.2 (the FTC "Holder Rule") concerning the preservation of buyers' claims and defenses, *see* N.J.A.C. 13:45A-16.2(a)(13)(ii).

dismissed federal claims were insubstantial on their face, the Court has discretion either to retain supplemental jurisdiction over the remaining state-law claims or to remand the case.  *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988) (district court has discretion to remand case after dismissal of federal claims); *Trans Penn Wax Corp. v. McCandless*, 50 F.3d 217, 233 (3d Cir. 1995) (same).  In exercising its discretion, the Court considers judicial economy, convenience, fairness, and comity.  The Court also takes into account whether Plaintiffs have engaged in any manipulative tactics intended to secure a state forum.  *Cohill*, 484 U.S. at 357; *McCandless*, 50 F.3d at 233.  Considering these factors, the Court will not exercise its discretion to retain jurisdiction over the remainder of this action.

Because this case is far from trial, it is important to first note *Cohill*'s statement that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . [*i.e.*, judicial economy, convenience, fairness, and comity] will point toward declining to exercise jurisdiction over the remaining state-law claims."  484 U.S. at 350 n.7.  Moving to the relevant considerations, the Court notes that Plaintiffs' remaining claims all arise under state law—specifically, the NJCFA (Count Six), the New Jersey Door-to-Door Home Repair Sales Act of 1968, N.J.S.A. 17:16C-95 *et seq.* (Count Seven), the New Jersey Home Repair Financing Act, N.J.S.A 17:16C-62 *et seq.* (Count Eight), the New Jersey Licensed Lenders Act, N.J.S.A. 17:11C-1 *et seq*. (Count Ten), the New Jersey Loan Brokers Act, N.J.S.A. 17:1-B-1 *et seq*. (Count Eleven), and the New York Deceptive Business Practices Act, N.Y. Gen. Bus. Law §§ 349 *et seq.* (Count Twelve).  State-law claims are best resolved by state courts, especially where, as here, the Court has dismissed all federal claims.  *Cohill*, 484 at 353 ("Both litigants and States have an interest in the prompt and efficient resolution of controversies based on state law.").  Comity thus favors remand.  In addition, although the Court acknowledges that this action was commenced (in state court) in March of 2000, this fact does not weigh in favor of retaining jurisdiction because the Court has substantively adjudicated only one of Plaintiffs' many claims—the federal TILA claims in Count Three—and this adjudication came only a few months ago.  The Court has spent no time adjudicating the merits of Plaintiffs seven remaining state-law claims.  Thus, considerations of judicial economy do not disfavor remand.  Nor does the Court see how Defendants will be materially inconvenienced by remand, given that any discovery which has taken place relevant to the state-law claims during the course of the federal court proceedings may be used in connection with the state court proceedings.[3]

Defendants have made no attempt to explain why judicial economy, convenience, fairness, and comity favor retention of jurisdiction over the remainder of the action other than to make the conclusory assertions that remanding this five-year old case will "prejudice" them and will force the parties to "start from scratch."   (*See* Defs.' Opp'n at 16–17.)  These ambiguous and conclusory assertions do not inform the Court's weighing of the relevant considerations.  However, Defendants also argue that this Court should retain jurisdiction over the remainder of Plaintiffs' action because Plaintiffs are deliberately attempting to manipulate the forum in which

---

[3]     Neither party has informed the Court of the extent of discovery that has taken place in connection with the state-law claims.  Regardless, Defendants have not contended that any such discovery necessarily would be duplicated in subsequent state court proceedings.

their action is heard in response to the Court's dismissal of their TILA claims on summary judgment.  (*See* Defs.' Opp'n at 16–17.)  The Court, however, finds nothing manipulative in Plaintiffs' motion given that the dismissal of Plaintiffs' federal-law claims *with prejudice*.  Moreover, to the extent that Plaintiffs are engaging in any manipulative tactics, this consideration does not outweigh the other considerations weighing in favor of remand.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to voluntarily dismiss with prejudice all remaining federal-law claims (Counts One, Two, and Five) in the Third Amended Complaint and for an order remanding the remainder of the action to state court is **GRANTED**, as set forth in the accompanying Order.

An appropriate Order accompanies this Letter Opinion.

s/William J. Martini  
**William J. Martini, U.S.D.J.**

cc:   The Honorable Ronald J. Hedges, U.S.M.J.